IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,                                  8:13-CR-148

vs.

JONATHAN M. VIDLAK,                              TENTATIVE FINDINGS

                    Defendant.

The Court has received the revised presentence investigation report (PSR) in this case. The defendant has objected to the PSR and moved for a downward variance. Filings 56 and 58.

IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)   impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)   impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)   depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.      The defendant has objected to the PSR and moved for a downward departure or variance. Filings 56 and 58. The defendant's motion asks the Court to vary downward based upon the 18 U.S.C. § 3553(a) factors, and the Court will resolve the motion at sentencing. His motion also asks the Court to consider a policy-based, categorical variance from the child pornography sentencing guidelines. *See Kimbrough v. United States*, 552 U.S. 85, 109 (2007). The defendant has also objected to paragraphs 29 through 35 of the PSR on the same grounds. The Court has previously expressed its finding that U.S.S.G. § 2G2.2 fails to adequately distinguish between child pornography offenders, and set forth the revised framework and factors that it considers in such cases. *See United States v. Abraham*, 944 F. Supp. 2d 723 (D. Neb. 2013). The Court will determine the exact nature of its variance from the Guidelines, as applied to this case, at sentencing.

The defendant has also objected to several other aspects of the PSR. First, he objects to a description of statements he supposedly made during an interview by law enforcement. According to the PSR, the defendant acknowledged he was sexually interested in and searched for child pornography depicting 8- to 16-year-old females. PSR ¶ 20. The defendant contends that he is sexually interested in women his own age and denies using the search terms listed in the PSR. Filing 56 at ¶ 1, PSR at ¶ 20 & p. 21. The Court will resolve this objection at sentencing.

The defendant also objects to the probation officer's determination that he should be held responsible for three videos of child pornography. PSR at ¶¶ 23, 35. He points to the fact that, when law enforcement executed a search warrant, they found no child pornography on his computer. The Court tentatively finds this objection to be without merit. The defendant does not dispute that law enforcement officers observed his computer offering these three videos for download on a peer-to-peer file-sharing program. PSR at ¶ 16. The defendant also admitted to downloading and viewing child pornography from the time he was 13, and that he would often do this two to three times a week.

Filing 48 at 2. The reason that the three videos were not found on the defendant's computer was because the defendant was also in the habit of regularly deleting the materials he had downloaded. Filing 48 at 2. But the number-of-images enhancement is tied to the number of images "involved" in an offense. U.S.S.G. § 2G2.2(b)(7). That is not limited to the number that happen to remain on a defendant's computer when he is caught. The evidence shows that the defendant downloaded and had offered for sharing three videos depicting child pornography, and he is properly held accountable for that amount of material.

The defendant also objects to the manner in which the number of images was calculated. The Guidelines count each video as 75 images. U.S.S.G. § 2G2.2 cmt. n.4(B)(ii). The defendant argues that this ratio is not the product of careful study and empirical data, and that it overstates the seriousness of his offense. There is, however, a quantifiable difference between a video and an image, and the defendant has not proposed an alternative ratio. In any event, as the Court has previously explained, in these types of cases, it will consider more than quantity alone, but will consider a number of factors, such as the duration and intensity of an offender's behavior, and the manner in which an offender has obtained child pornography. *See Abraham*, 944 F. Supp. 2d at 733–734. The Court will consider the defendant's argument within that framework, and will resolve this objection at sentencing.

Finally, the defendant objects to the PSR's inclusion of a five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, under U.S.S.G. § 2G2.2(b)(5). PSR ¶ 33. A 9-year-old child reported that the defendant had touched her inappropriately on multiple occasions, from around November 2008 to February 2009. The defendant admitted some, but not all, of this contact, and eventually pleaded guilty to a juvenile petition alleging sexual contact with a minor. PSR at ¶ 45. The defendant does not dispute the facts underlying the enhancement. Instead, he asserts that this conduct, which occurred when he was a juvenile, is not "reflective of a pattern of abuse or the likelihood that [he] will be involved in sexual abuse in the future." Filing 59 at 3–4.

The defendant's argument is not persuasive. The conduct he has admitted falls squarely within the definition of a "pattern or activity

involving the sexual abuse or exploitation of a minor," which is defined as any combination of two or more separate instances of sexual abuse or exploitation of a minor. U.S.S.G. § 2G2.2 cmt. n.1; *see also United States v. Woodard*, 694 F.3d 950, 953–54 (8th Cir. 2012). For the enhancement to apply, it is not necessary that the previous conduct suggest that the defendant is likely to sexually re-offend. The Court tentatively finds that the enhancement applies, and the Court will determine the weight to be given to this enhancement at sentencing.

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

    Dated this 12th day of August, 2014.

                                        BY THE COURT:

                                        John M. Gerrard
                                        United States District Judge

- 4 -